IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

KERRY K. WILLIAMS,

    Plaintiff,

    v.                                        No. CIV 13-0627 JH/KBM

CHAVES COUNTY DETENTION CENTER, et al.,

    Defendants.

MEMORANDUM OPINION AND ORDER

    This matter is before the Court, *sua sponte* under 28 U.S.C. § 1915(e)(2) and rule 12(b)(6) of the Federal Rules of Civil Procedure, on Plaintiff's original and amended civil rights complaints (Docs. 1, 3) (together the "complaint"). Plaintiff is incarcerated, appears pro se, and is proceeding in forma pauperis. For reasons set out below, Plaintiff's complaint will be dismissed.

    The Court has the discretion to dismiss an in forma pauperis complaint *sua sponte* under § 1915(e)(2) "at any time if . . . the action . . . is frivolous or malicious; [or] fails to state a claim on which relief may be granted." The Court also may dismiss a complaint *sua sponte* under rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (quoting *McKinney v. Oklahoma, Dep't of Human Services*, 925 F.2d 363, 365 (10th Cir. 1991)). A plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In reviewing Plaintiff's pro se complaint, the Court applies the same legal standards applicable to pleadings drafted by counsel but liberally

construes the allegations.  *See Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992).

In his original complaint, Plaintiff alleges that he injured his knee when he slipped and fell on a slippery wet floor.  He contends that the slippery floor put his safety in jeopardy, presumably in violation of the Eighth Amendment's prohibition of cruel or unusual punishment.  He makes no allegation of denial of medical treatment.  The amended complaint names additional Defendants, including a doctor, and alleges that Plaintiff "was made to wait" for medical treatment.  Plaintiff also asserts that his prescribed pain medication is inadequate.  The complaint seeks damages and certain equitable relief.

> Plaintiff's injury allegations do not support his claim for a civil rights violation.
>
> To begin with, while the standing-water problem was a potentially hazardous condition, slippery floors constitute a daily risk faced by members of the public at large.  Federal courts from other circuits have therefore consistently held that slippery prison floors do not violate the Eighth Amendment. . . .
>    Simply put, "[a] 'slip and fall,' without more, does not amount to cruel and unusual punishment. . . .  Remedy for this type of injury, if any, must be sought in state court under traditional tort law principles."

*Reynolds v. Powell*, 370 F.3d 1028, 1031 (10th Cir. 2004) (quoting *Mitchell v. West Virginia*, 554 F. Supp. 1215, 1217 (N.D. W.Va. 1983)).  Under the analysis in *Reynolds*, the Court will dismiss Plaintiff's claim for safety violations.

Nor do Plaintiff's allegations support a claim for denial of necessary medical treatment. "[O]nly 'deliberate indifference to serious medical needs' of prisoners violates the Eighth Amendment proscription against cruel and unusual punishment."  *Ramos v. Lamm*, 639 F.2d 559, 575 (10th Cir. 1980) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).  Deliberate indifference to serious medical needs may be "manifested by . . . denying or delaying access to medical care."  *Estelle*, 429 U.S. at 104.  To articulate an Eighth Amendment cause of action premised on an allegation that Defendants were deliberately indifferent to his serious medical

needs, Plaintiff must allege both that the pain or deprivation he suffered was sufficiently serious and that the Defendants acted with a sufficiently culpable state of mind. *See Farmer v. Brennan*, 511 U.S. 825, 847 (1994); *Miller v. Glanz*, 948 F.2d 1562, 1569 (10th Cir. 1991) (citation omitted).

In the original complaint, Plaintiff alleges that he waited twenty minutes before seeing Defendant Rodriguez, but he does not allege that this short wait caused him "substantial harm." *Riper v. Wexford Health Sources Inc.*, 67 F. App'x 501, 503 (10th Cir. 2003) (citing *Garrett v. Stratman*, 254 F.3d 946, 950 (10th Cir. 2001). He also alleges that Defendant Rodriguez has not changed his prescription or referred him to a specialist. "The prisoner's right is to medical care-- not to the type or scope of medical care which he personally desires." *Coppinger v. Townsend*, 398 F.2d 392, 393 (10th Cir. 1968). "Nor does a difference of opinion between an inmate and medical staff as to the need for or adequacy of treatment 'rise to the level of a constitutional violation.' " *Baker v. Simmons*, 65 F. App'x 231, 235 (10th Cir. 2003) (quoting *Johnson v. Stephan*, 6 F.3d 691, 692 (10th Cir. 1993)). Under these standards, Plaintiff's allegations of denial of medical treatment do not state a claim for relief. The Court will dismiss Plaintiff's complaint.

IT IS THEREFORE ORDERED that the Order to Show Cause (Doc. 14) is QUASHED, and the initial partial filing fee payment is WAIVED;

IT IS FURTHER ORDERED that Plaintiff's complaint is DISMISSED, pending motions are DENIED as moot, and judgment will be entered.

_____
UNITED STATES DISTRICT JUDGE